UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MIGUEL DIAZ,

                              Plaintiff,

           v.                                                9:19-CV-1611
                                                            (GLS/DJS)

K.G. HENLEY et al.,

                              Defendants.

---

APPEARANCES:

MIGUEL DIAZ
18-A-2702
Plaintiff, pro se
Attica Correctional Facility
Box 149
Attica, NY 14011

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

      Plaintiff Miguel Diaz commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed on January 8, 2020, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("January 2020 Order"). In light of his pro se status, plaintiff was

afforded an opportunity to submit an amended complaint. *Id*. at 17-19.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. The Complaint and January 2020 Order

In his original complaint, plaintiff asserted claims against the following individuals based on alleged wrongdoing that occurred while plaintiff was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."): Chief Hearing Officer K.G Henley; Corrections Sergeant Waldren; Corrections Lieutenant Fisher; Superintendent Christopher Miller; Deputy Superintendent of Security Caron; Corrections Officer Burns; and Acting Superintendent Donita McIntosh. *See generally* Compl.

The complaint was construed to assert Eighth Amendment failure-to-protect claims, Fourteenth Amendment equal protection claims, and Fourteenth Amendment due process claims against each of the named defendants in their individual capacities. *See* January 2020 Order at 4-6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims were dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* January 2020 Order at 6-17.

### B. Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was

2

discussed at length in the January 2020 Order and it will not be restated in this Decision and Order. *See* January 2020 Order at 2-4.

Plaintiff's amended complaint is virtually identical to his original complaint, except that the amended complaint does not include any allegations of wrongdoing by defendants McIntosh, Caron, and Burns, and expressly identifies the constitutional amendments under which plaintiff asserts his claims for relief. *See* Am. Compl. at 5-6. More specifically, the amended complaint alleges that the same wrongdoing detailed in the original complaint violated plaintiff's Fifth, Eighth, and Fourteenth Amendment rights. *Id*.

Because the allegations in the amended complaint are virtually identical to the allegations in the original complaint, the Court does not construe the amended complaint to assert any new or different claims.[1]

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C. Analysis

Since the amended complaint asserts Eighth and Fourteenth Amendment claims against the same defendants based on the same facts and circumstances alleged in the complaint, and does not include any additional non-conclusory allegations that would

---

[1] Although the amended complaint references the Fifth Amendment, the law is well-settled that "[t]he Due Process Clause of the Fifth Amendment is . . . inapplicable to . . . state actors." *McCarthy v. Yost*, No. 01 Civ. 9590, 2003 WL 26112500, at *2, n.4 (S.D.N.Y. Feb. 14, 2003), *report and recommendation rejected in part on other grounds by* 2003 WL 26112501 (S.D.N.Y. Sept. 3, 2003); *Shabazz v. Scully*, No. 91-CV-6319, 1994 WL 198683 (S.D.N.Y. May 19, 1994) ("[T]he Fifth Amendment Due Process provision is inapplicable to state officials."); *see also Robinson v. Vaughn*, No. 92-CV-7048, 1993 WL 451495, at *5 (E.D. Pa. Nov. 1, 1993) ("The rights secured to individuals by the Fifth Amendment are generally applicable against the states only through the Fourteenth Amendment. The court's consideration of [the prisoner plaintiff's] allegations that the defendants' actions toward him [in the prison disciplinary hearing] violated due process is subsumed within its Fourteenth Amendment analysis of his claims."). Thus, the Court does not construe the allegations in the amended complaint to assert a Fifth Amendment claim.

plausibly suggest that any defendant violated plaintiff's Eighth or Fourteenth Amendment rights, plaintiff's claims are dismissed for the reasons set forth in the January 2020 Order. However, for the sake of clarity, the Court notes that the amended complaint, like the original complaint, alleges that plaintiff was already confined in the special housing unit (SHU) when he allegedly received a false misbehavior report from defendant Waldren. *See* Am. Compl. at 5 (noting that plaintiff was moved from "B1-22 SHU to F1-29 SHU" after receiving a disciplinary ticket from defendant Waldren). And, as with the original complaint, the amended complaint lacks any allegations explaining why plaintiff was SHU confined prior to receiving the allegedly false misbehavior report from defendant Waldren on April 28, 2019, or when his SHU confinement was scheduled to end. Thus, the Court has no basis to plausibly infer that plaintiff was confined in SHU for any amount of time as a result of defendant Henley's disciplinary determination arising out of the misbehavior report issued by defendant Waldren, which was reversed on August 19, 2019. *See* Dkt. No. 6-1 at 1.

Stated differently, in the event plaintiff's SHU confinement for reasons unrelated to the charges brought by defendant Waldren was not scheduled to end until after defendant Henley's disciplinary determination was reversed, then plaintiff would not have served any time in SHU as a result of defendant Henley's disciplinary determination. Under such circumstances, the conditions of plaintiff's SHU confinement following defendant Henley's disciplinary determination, about which he complains, could not form the basis of a due process claim against defendant Henley (or any of the other defendants). *See Smart v. Gifford*, No. 15-CV-8939, 2018 WL 401516, at \*9 (S.D.N.Y. Jan. 12, 2018) (finding, where "the ultimate reversal of the allegedly defective proceedings . . . occurred before Plaintiff served any portion of the disciplinary sentence related to that defective proceeding[,]" that

4

the plaintiff could not state a due process claim related to the allegedly defective proceeding), *appeal dismissed by* 2018 WL 3954203 (2d Cir. July 12, 2018); *Barnes v. Henderson*, 628 F. Supp. 2d 407, 412 (W.D.N.Y. 2009) (determining that any "procedural defects were cured through the administrative appeal process before [the] plaintiff began serving any punitive sentence as a result of such defects"); *Pacheco v. Vanwyk*, No. 94-CV-456, 1997 WL 642540, at *2 (N.D.N.Y. Oct. 15, 1997), *aff'd,* 164 F.3d 618 (2d Cir. 1998) (holding that, because the plaintiff "did not serve any punishment for . . . the charge that was administratively reversed . . . no constitutional harm relating to the . . . charge occurred as a matter of law"); *Valentine v. Honsinger*, 894 F. Supp. 154, 158 (S.D.N.Y. 1995) (finding "no claim because [the] plaintiff suffered no deprivation . . . as a result of [the defendant's] conduct because the sentence issued by [the defendant] . . . was limited to punishment [the] plaintiff had already served." (alterations omitted)); *Jenkins v. Semintini*, No. 93-CV-2045, 1994 WL 150824, at *2 (S.D.N.Y. April 19, 1994) (dismissing claim against hearing officer where, "because the result of the disciplinary hearing . . . was time already served . . . [the] [p]laintiff suffered no confinement as a result of the absence of witnesses at his disciplinary hearing").

In light of the foregoing, the amended complaint fails to state one or more claims upon which relief may be granted by this Court. The Court, however, will afford plaintiff a final opportunity to file an amended complaint not inconsistent with this decision. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the operative pleading in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support

5

of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.

Plaintiff is forewarned that, if he fails to submit a second amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims are **conditionally DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file a second amended complaint as directed above within thirty (30) days from the filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff fails to timely file a second amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

February 28, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

6