UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL DIAZ,

        Plaintiff,

   v.               9:19-CV-1611
                    (GLS/DJS)

K.G. HENLEY et al.,

        Defendants.
_____

APPEARANCES:

MIGUEL DIAZ
18-A-2702
Plaintiff, pro se
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

  Plaintiff Miguel Diaz commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed on January 8, 2020, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 4 ("January 2020 Order"). In light of his pro se status, plaintiff was

afforded an opportunity to amend his complaint. *Id*. at 17-19.

Thereafter, plaintiff timely filed an amended complaint. Dkt. No. 6 ("Am. Compl."). By Decision and Order filed on February 28, 2020, the Court reviewed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and found that it was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 8 ("February 2020 Order"). In light of plaintiff's pro se status, the Court afforded plaintiff a final opportunity to amend. *Id*. at 5-6.

Presently before the Court is plaintiff's second amended complaint. Dkt. No. 11 (SAC).

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the January 2020 Order and it will not be restated in this Decision and Order. *See* January 2020 Order at 2-4.

In his original complaint, plaintiff asserted claims against the following individuals based on alleged wrongdoing that occurred while plaintiff was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."): Chief Hearing Officer K.G Henley; Corrections Sergeant Waldren; Corrections Lieutenant Fisher; Superintendent Christopher Miller; Deputy Superintendent of Security Caron; Corrections Officer Burns; and Acting Superintendent Donita McIntosh. *See generally* Compl. The complaint was construed to assert Eighth Amendment failure-to-protect claims, Eighth Amendment conditions-of-confinement claims, Fourteenth Amendment equal protection claims, and Fourteenth Amendment due process claims against each of the aforementioned defendants in their individual capacities. *See*

2

January 2020 Order at 4-6.

Plaintiff's amended complaint was virtually identical to his original complaint, except that the amended complaint did not include any allegations of wrongdoing by defendants McIntosh, Caron, and Burns, and expressly identified the constitutional amendments under which plaintiff asserted his claims for relief.  *See* Am. Compl. at 5-6.  As a result, the Court construed the amended complaint to assert the same claims as the original complaint against only defendants Henley, Waldren, Fisher, and Miller.  *See* February 2020 Order at 3.

Plaintiff's second amended complaint re-asserts claims against the same seven individuals named in the original complaint, but with no more detail than the prior pleadings. *See generally* SAC.  Thus, the Court construes the allegations in the second amended complaint only to re-assert Eighth Amendment failure-to-protect and conditions-of-confinement claims, and Fourteenth Amendment equal protection and due process claims.

With respect to plaintiff's Eighth Amendment claims, the second amended complaint does not contain any new allegations regarding the conditions of plaintiff's SHU confinement, such as who deprived him of amenities, or who knew that he was denied amenities.  *See generally* SAC.  Thus, the Court has no basis to plausibly infer that any of the named defendants were either responsible for, or acted with deliberate indifference to, the conditions of plaintiff's SHU confinement.  Accordingly, and for the reasons set forth in the January 2020 Order, plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Similarly, plaintiff's second amended complaint does not contain any new allegations

3

in support of his equal protection claim. *See generally* SAC. Accordingly, and for the reasons set forth in the January 2020 Order, plaintiff's Fourteenth Amendment equal protection claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Lastly, with respect to plaintiff's Fourteenth Amendment due process claim, plaintiff's second amended complaint alleges only that, at the time plaintiff received a misbehavior report from defendant Waldren, he "was in the SHU for prior issues that had nothing to do with this matter." SAC at 5. As with the prior pleadings, the second amended complaint lacks any allegations indicating when plaintiff's SHU confinement for "prior issues" was scheduled to end. Thus, the Court still has no basis to plausibly infer that plaintiff was confined in SHU for any amount of time as a result of defendant Henley's disciplinary determination arising out of the misbehavior report issued by defendant Waldren, which was reversed on August 19, 2019. Accordingly, and for the reasons set forth in the February 2020 Order, plaintiff's Fourteenth Amendment due process claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

In light of the foregoing, plaintiff's second amended complaint is subject to dismissal in its entirety. Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) ("Of course, granting a pro se plaintiff an

opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 F. App'x 388 (2d Cir. 2009); *accord Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. Mar. 23, 2009); *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. Mar. 9, 2009).

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile." (citation omitted)); *see Foman*, 371 U.S. at 182 (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied." (citation omitted)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." (citation omitted)); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[1] This rule applies

---

[1] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez*, 171 F.3d at 796; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41,

5

even to pro se plaintiffs. *See, e.g.*, *Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.

Here, plaintiff has already been given two opportunities to amend, with specific explanations as to why his allegations failed to state one or more claims upon which relief may be granted, and he has nonetheless failed to adequately address these deficiencies. Thus, the defects in plaintiff's claims are substantive rather than merely formal, such that further amendment would be futile. Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**WHEREFORE**, it is hereby

**ORDERED** that the second amended complaint (Dkt. No. 11) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk shall **TERMINATE** all defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

April 13, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Gomez*, 171 F.3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.